*Orphans' Court, Dauphin County, December* 18*th,* 1857.

IN THE MATTER OF ATHERTON'S ESTATE.

A petition to the Orphans' Court for an order to sell the real estate of a decedent for the payment of his debts, need not state that the property described is all the real estate of which he died seized. But an account of the personal assets must be presented to the court.

BY THE COURT.—An order was made to sell the real estate of Stephen Atherton, deceased, for the payment of his debts. Two objections have been presented to this order which are worthy of consideration. 1st. That it is not stated in the petition that the property described is all the real estate of which the decedent died seized. 2d. That no account of the personal assets is presented to the court as required by law. The first objection we think of little moment, as it is shown to the court by affidavit that the estate described in the petition is all of which decedent died seized. We are of the opinion that when all is set forth, it need not be stated that the decedent had none other.

The second objection stated above is in our opinion fatal. Although no account is required to be *settled* by an executor or administrator before obtaining an order to sell lands (7 H. 416), yet there must not only be stated in the petition the amount of debts due by the decedent, but also a true and perfect inventory and appraisement of the personal effects, so as to show that a sale is necessary for the payment of debts. This must be set forth under the oath or affidavit of the representative of the decedent before the court can lawfully make the order (2 H. 372). And this is the first case in which we have seen a decree for sale made without such statement, either under the act of 1832 or the former law. If the assets are not available, that should be stated, and might present a valid reason for ordering a sale. In doubtful cases the court can appoint an auditor to ascertain the amount and validity of debts, the extent of the assets, and what portion can be collected or converted into money, or what part of the real estate it is most advisable to sell. This petition being entirely defective in form, the sale must be set aside, and the order to sell revoked. All of which is decreed accordingly.